**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KEAIRE ALVIN WEBB,**<br>*Plaintiff*<br><br>**v.**<br><br>**NATALIE MYERS KOTHARE AND DIRECTOR, CHILD SUPPORT DIVISION, OFFICE OF ATTORNEY GENERAL OF TEXAS,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-CV-01706-RP** |

## ORDER

Before the Court is Defendants Natalie Myers Kothare and Director, Child Support Division, Office of the Attorney General of Texas's ("Defendants") motion to stay discovery, Dkt. 12, and all related briefing. In their motion, Defendants ask the Court to stay discovery pending a ruling on their motion to dismiss, in which they raise the defenses of sovereign immunity and qualified immunity. Dkts. 11, at 11-13, 15-16; 12 at 2-5. Plaintiff Keaire Webb opposed the motion, arguing that Defendants have not shown good cause for a stay. Dkt. 14, at 1-7.

A court "may, for good cause" protect a party from "undue burden or expense" by staying discovery. Fed. R. Civ. P. 26(c)(1). It has "broad discretion ... to stay discovery," especially "until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The Fifth Circuit has instructed that "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch.*

*Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted*)*. Put simply, "[w]here sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022).

Here, Defendants have demonstrated good cause for a stay based on their pending motion to dismiss that raises the defenses of sovereign immunity and qualified immunity. Dkts. 11; 12, at 2-5; *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73 (2023); *Stamps v. Univ. of Tex. at Aus.*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (holding that defendants presented good cause to stay discovery where they raised the defenses of qualified immunity and sovereign immunity in motion to dismiss). The concerns Webb raises in his opposition to the motion to stay do not merit denying Defendants' motion. *See* Dkt. 14. Given that the district court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery," the Court will stay discovery here. *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998).

Accordingly, the Court **GRANTS** Defendants' motion to stay, Dkt. 12, and **STAYS** discovery pending the Court's resolution of Defendants' motion to dismiss.

SIGNED October 22, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE